PEOPLE, PLAINTIFF AND APPELLEE, *v.* MARRERO, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan, Section 2, in a Prosecution for Malicious Mischief.

No. 1187.—Decided July 13, 1917.

MALICIOUS MISCHIEF—COMPLAINT—VERIFICATION OF COMPLAINT—ATTEST BY OFFICIAL—APPEAL.—When the defendant does not raise the question in the municipal court nor in the district court on appeal that the complaint is not properly verified because it is not attested by any official, it is too late to raise that question for the first time on appeal to the Supreme Court.

ID.—EVIDENCE.—When in a prosecution for malicious mischief charging that the defendant wilfully and maliciously tied a calf to one of the complainant's grapefruit trees which was thus destroyed, it results from all the evidence for the prosecution, which was not strengthened by that for the defense, that if the calf injured the property it was not because of a malicious act of the defendant or the consequence of his intentional act, because it is not shown that he placed the calf on the property in a situation to produce damage or that he tied the calf to the grapefruit tree, the evidence is insufficient to support a conviction.

The facts are stated in the opinion.
*Mr. Ramón S. Pesquera* for the appellant.
*Mr. Salvador Mestre, fiscal,* for the appellee.
MR. JUSTICE ALDREY delivered the opinion of the court.

The first ground on which appellant José Marrero relies for the reversal of the judgment entered against him is that the lower court had no jurisdiction to try him, because the complaint made against him in the Municipal Court of Bayamón is not properly verified, for although it contains the words "Sworn to before me this 24th day of July, 1916," it is not signed by the justice of the peace or any other official, albeit the words "Justice of the Peace of Dorado" are inserted at the end. The appellant did not raise this question in the Municipal Court of Bayamón or in the District Court of San Juan at the trial *de novo* on appeal, and it is too late to raise it now for the first time. *People v. Noble,* 9 P. R. R. 350; *People v. Rivera,* 19 P. R. R. 1084; *People v. Carrásquillo,* 22 P. R. R. 127, and *People v. París, ante,* p. 103.

After the prosecution had rested in the lower court the defendant moved for a nonsuit on the ground that the evidence was not sufficient to convict him, his motion being overruled, and although he introduced evidence in his defense, it brought out nothing to strengthen the evidence for the prosecution; therefore we have to consider whether that evidence is sufficient to sustain the appellant's conviction. The *fiscal* of this court has moved that the judgment be reversed for lack of proof, and we are of the opinion that he is right.

The complaint for malicious damages charges that the appellant wilfully and maliciously tied a calf to a grapefruit tree belonging to the complaining witness and that it destroyed the tree.

From the complainant's testimony it appears that she did not know who tied the calf which belonged to the defendant; that the calf, a yearling, was wandering about her property and tore the bark from the tree, but that she did not see any person tie it or drive it on the property.

Luis Rivera, a man in the employ of the complainant, testified that he found the animal tied under a tree; that what damage it did was in the pasture; that the complainant sent the witness to defendant José Marrero to tell him to send

her a dollar or she would have the animal taken to the pound; that it was a small sucking calf, and that he did not see the defendant·tie it or drive it on the property.

Another witness for the prosecution, W. A. Hutton, knew nothing about the matter, and the last witness, Valentín Santana, also an employee of the complainant, testified that the calf was tied to the tree, "entangled around it; that nobody tied the calf, but it was entangled around the tree; that it had become entangled and nothing more"; and that he does not know who put it there.

The evidence for the prosecution as a whole shows that if the defendant's calf damaged the complainant's property, the damage was not due to a malicious act of appellant, for such act cannot be deduced from the evidence; nor could it be the consequence of his intentional act, as there is no evidence that he drove the calf on the property so as to cause damage or that he tied it to the grapefruit tree, an act which, in view of the testimony of the last witness, was also not proved.

The judgment appealed from should be reversed and the defendant discharged.

*Reversed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.